**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1596
_____

ETHEL HAYDEN,
                                             Appellant

v.

ALLEGHENY HEALTH NETWORK; ALLEGHENY VALLEY HOSPITAL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cv-00525)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 8, 2025
_____

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*.

(Filed: September 5, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Ethel Hayden sued Allegheny Valley Hospital and Allegheny Health Network (collectively, Allegheny), seeking relief under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. She argues that the District Court erred in granting summary judgment on her discrimination and failure to accommodate claims, as well as her hostile work environment claim based on religion.[1]

We see no error in either determination. First, Title VII requires that a charge of discrimination on a protected ground "be filed with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001); *see* 42 U.S.C. § 2000e-5(e)(1). And a complainant must permit the EEOC to investigate for 180 days before she can file suit. § 2000e-5(f)(1). If after 180 days the EEOC elects not to bring suit and the matter has not otherwise been resolved, the Commission issues a right to sue letter. *See* § 2000e-5(f)(1); 29 C.F.R. § 1601.28. Then, "if the complainant does choose to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *Burgh*, 251 F.3d at 470. The statutory ninety-day deadline acts as a statute of limitations on the claims contained in the EEOC charge. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021).

But Hayden did not comply with the ninety-day deadline for filing a complaint after she received notice from the EEOC of her right to sue following her first EEOC charge.[2] *See id.* And her claims of discrimination and failure to accommodate stem from that first EEOC filing, not her later EEOC charge. So the District Court correctly granted summary judgment on those claims.

Second, Hayden's claim of a hostile work environment is without merit because the purported discrimination was neither pervasive nor severe. *See Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). Hayden points to a handful of disconnected instances such as a coworker ripping down a Christmas poster she had displayed;  the same coworker displaying Halloween decorations which Hayden found offensive; and the hospital scheduling Hayden to work on Wednesdays, when she previously had that day off to attend Bible study.[3] None of these intermittent instances over Hayden's forty-year career, separately or taken together, manifest discrimination "severe enough to contaminate an environment even if not pervasive," nor is the "less objectionable[] conduct . . . pervasive." *Castleberry*, 863 F.3d at 264 (citation modified).

So we will affirm the District Court's grant of summary judgment.

---

[2] Hayden explicitly references religious discrimination on appeal, but we construe her argument to encompass other claims of discrimination and failure to accommodate from the Second Amended Complaint.

[3] The District Court observed that Hayden could not recall the exact timing of the Christmas poster and Halloween decoration incidents, and that they occurred well before the scheduling issue.